(Rev. 10/2002) Complaint

# UNITED STATES DISTRICT COURT
## Southern District of Florida

Case Number: 15-cv-81463-Marra/Matthewman

Cassidy J. Camp
Pro Se

**Plaintiff(s)**

v.

Revest GP Inc DBA Revest Master LP
Community Partners Enterprises LP
Howard Steinberg, Greg Coleman
Et al.

**Defendant(s)**

FILED by _OT_ D.C.
OCT 19 2015
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA - W.P.B.

## COMPLAINT

I, Cassidy J. Camp, plaintiff, in the above styled cause, sues defendant(s): Revest GP Inc, Revest Master LP, Community Partners LP, Howard Steinberg, Greg Coleman; Et. al.

(Allegation of jurisdiction, i.e., under which federal law or section of the U.S. Constitution this action is being filed)

This action is filed under: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. ss 2000e et seq.; The Florida Civil Rights Act Title XLIV Chapter 760. Jurisdiction is specifically conferred upon this United States District Court by the aforementioned statutes as well as 28 U.S.C. ss 1331, 1343. This action involves federal questions regarding the deprivation of Plaintiff's civil rights under Title VII. The court also has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. s 1367(a). Venue is proper in this district pursuant to 28 U.S.C. s 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this District.

UNITED STATES DISTRICT COURT

Southern District of Florida

Cassidy J. Camp, Pro se
1066 36th Street
West Palm Beach, FL 33407

v.

Revest,
Community Partners,
Howard Steinberg,
Greg Coleman,
and et al.
638 E Atlantic Ave.
Delray Beach, FL 33483

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Cassidy Camp, as and for his Complaint in this action against Defendant Revest, Community Partners, Howard Steinberg, Greg Coleman, and et. al., hereby alleges as follows:

## Statement of Facts

### I. Background

1. Cassidy Camp is a 31 year old African-American male.

2. Cassidy Camp began working at Revest/Community Partners on August 25, 2015 as a Property Accountant.

3. As set forth in greater detail below, throughout his employment at Revest/Community Partners, Cassidy Camp had been subjected to a shocking barrage of discrimination and harassment on the basis of his race/color, and national origin. Despite Cassidy Camp's complaints and pleas for Revest/Community Partners to bring an end to the discriminatory and harassing conduct committed against him by his co-workers, the company turned a blind eye to his increasingly desperate plight.

### II. Discrimination and Harassment on the Basis of Race/Color and National Origin

#### A. Discrimination, and Harassment

4. On August 31, 2015, Brian Steele (White) mentioned to Will Shedrick (White), Paul Baldovin (White), and Brennan Montoni (White) that he heard a funny joke on the internet. Brian Steele told them "That Nigga was stupid and funny."

5. On August 31, 2015, Brian Steele, Will Shedrick, Paul Baldovin, and Brennan Montoni watched videos on the Internet which referred to black people as "Niggers"

6. On August 31, 2015 Cassidy Camp approached the owner of the company Howard Steinberg (White) and told him about the racist remarks being made. Howard Steinberg told Mr. Camp to talk to Brian Steele privately so it did not come off as if he was "telling" on him to the owner.

7. On September 2, 2015, Brian Steele, Will Shedrick, and Paul Baldovin began to listen to music that used "Nigger" and also watched videos that used the term "Nigger" multiple times and degraded African Americans.

8. Cassidy Camp approached about this behavior and it was argument.

9. On September 2, 2015, Cassidy Camp spoke to the owner Mr. Howard Steinberg again about the conduct of his coworkers. Mr. Howard Steinberg and his brother Stuart Steinberg moved Cassidy Camp into the back office with other minorities.

10. That afternoon Brian Steele and Paul Baldovin came into Cassidy Camp's office and called him a "Nigger".

11. On September 3, 2015, Cassidy Camp spoke to Howard Steinberg about the continuing harassment.

12. Cassidy Camp stated that he felt no disciplinary action was taken to stop and prevent this type of behavior. Howard Steinberg stated "he will not tell an employee what they can and cannot say or what they can and cannot watch on the internet" and if Mr. Camp had an issue with this, Mr. Camp could leave the company.

13. Mr. Camp stated that they were Federal Laws and his Civil Rights being violated. Howard Steinberg stated he did not want the liability with the NAACP, so Cassidy Camp was terminated immediately. Cassidy Camp stated he would not get in contact with the NAACP because of fear of losing his job.

14. Howard Steinberg stated that Cassidy Camp's culture uses the term "Nigger" all the time, so how could he get offended if anyone else uses it.

15. Howard Steinberg stated that using racial slurs and making degrading jokes was the "culture" at his place of business. Howard Steinberg stated that he jokes and calls Faizan Kahn (Muslim) a terrorist.

16. On the evening of September 3, 2015, Cassidy Camp resigned from his Property Accountant position at Revest/Community Partners through an email exchanged with Howard Steinberg.

**FIRST CAUSE OF ACTION**

**(Discrimination and Harassment in Violation of Title VII)**

17. Plaintiff hereby repeats and re-alleges each and every allegation in paragraphs 1 through 16.

18. Defendant has discriminated against Plaintiff on the basis of his race/color (Black) and/or national origin (African-American) in violation of Title VII by denying him the same terms and conditions of employment available to employees who are not Black and African-American, including but not limited to, subjecting him to disparate working conditions and denying him the opportunity to work in an employment setting free of unlawful harassment.

19. Defendant has discriminated against Plaintiff on the basis of his race/color and/or national origin in violation of Title VII by creating, fostering, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Plaintiff because of his race/color and/or national origin.

20. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continue to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

21. Defendant's unlawful and discriminatory conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

**SECOND CAUSE OF ACTION**

**(Retaliation in Violation of Florida Civil Rights Act)**

22. Plaintiff hereby repeats and re-alleges each and every allegation in paragraphs 1 through 16.

23. Defendant has retaliated against Plaintiff in violation of Title VII for opposing and/or complaining of Defendant's discriminatory practices against himself and other employees at Defendant by, inter alia, subjecting Plaintiff to acts of discrimination, harassment and humiliation, moving Plaintiff to the back office with other minorities and encouraging and/or coercing Plaintiff's co-workers to falsely contradict Plaintiff's truthful allegations of discrimination, harassment and/or retaliation.

24. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of Title VII, Plaintiff has suffered and continue to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

25. Defendant's unlawful and retaliatory conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against Defendant, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violate the laws of the United States and the State of Florida

B. An injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

C. An order directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory and harassing treatment and otherwise unlawful conduct, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect his employment and personal life;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic harm;

E. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to his professional and personal reputations and loss of career fulfillment;

F. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory harm, including but not limited to, compensation for his mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, emotional distress;

G. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

H. An award of punitive damages;

I. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

J. Such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Respectfully submitted,

*Cassidy J. Camp*
Cassidy J. Camp-Pro se
1066 36th Street
West Palm Beach, FL 33407
Telephone: (620)931-8242

EEOC Form 161-B (11/09)    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Cassidy J. Camp<br>1066 36th Street<br>West Palm Beach, FL 33407 | From: | Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2015-04827 | George W. Ruggiano,<br>Investigator | (305) 808-1805 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Ozzie L. Black,
Acting District Director

SEP 3 0 2015
*(Date Mailed)*

Enclosures(s)

cc: **Respondent's Representative**
Howard Steinberg
Owner
COMMUNITY PARTNERS ENTERPRISES
638 East Atlantic Avenue
Delray Beach, FL 33483